**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23150-BLOOM/Otazo-Reyes**

ROBERTO MUNOZ,

    Plaintiff,

v.

CHASE BANK,

    Defendant.

_____/

**ORDER DENYING LEAVE TO**
**PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Roberto Munoz's ("Plaintiff") Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Motion"), filed on August 31, 2021. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Complaint is dismissed, and his Motion is denied as moot.

    **I.**    **FACTUAL BACKGROUND**

On August 31, 2021, Plaintiff initiated this action against Defendant Chase Bank ("Defendant"). *See* ECF No. [1] ("Complaint"). According to the Complaint, on February 19, 2021, Plaintiff received a text message alerting him that his "card was used at an ATM/Chase location" and that three withdrawals were made from his account in the amount of $1,000, $1,000, and $2,000. *Id.* at 1. Plaintiff later received a replacement card which "never left [his] possession." *Id.* Thereafter, on March 16, 2021, Plaintiff discovered an additional unauthorized withdrawal in the amount of $2,000 "via ATM at the same Chase Bank location." Plaintiff reported the

transaction as "unlawful and fraud" to Chase. *Id.* Plaintiff was advised that the transaction would be investigated, but his account was never credited. *Id.*

Plaintiff also filed a police report with the Miami Beach Police Department, ECF No. [1-2]. Detective Katrina Lugo Martinez ("Detective Lugo Martinez") contacted Chase Bank and reviewed the surveillance video from both occasions. ECF No. [1] at 2. Notably, the videos depicted the "same person at the same Chase Bank" making the unauthorized withdrawals. *Id.* Detective Lugo Martinez also spoke with a representative at Chase Legal, who advised Detective Lugo Martinez that Plaintiff's claim would be classified as a "vulnerable adult investigation." *Id.* At this time, "nothing has happened after multiple tries" and Plaintiff requests that the Court "please help!" *Id.*

## II.     LEGAL STANDARD

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a

privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis*, the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under § 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of*

*Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

### III. DISCUSSION

Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint does not set forth cognizable claims. As an initial matter, it is not fully clear what causes of action Plaintiff alleges or even the basis for the Court's jurisdiction. Indeed, while Plaintiff has designated the nature of this action as "Banks and Banking," ECF No. [1-1] ("Civil Cover Sheet"), Plaintiff has failed to set forth a single cause of action in the Complaint. *See generally* ECF No. [1]. Thus, because the Complaint fails to set forth any specific cause of action, invoke the elements of any claim, or otherwise plausibly state a claim for relief, dismissal is warranted.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**.
2. Plaintiff's Motion, **ECF No. [3]**, is **DENIED as moot**.
3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, August 31, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Roberto Munoz
5838 Collins Ave, #4-H
Miami Beach, FL 33140

4

Case No. 21-cv-23150-BLOOM/Otazo-Reyes

5